HERMITAGE MEMORIAL GARDENS MAUSOLEUM AND MEMORIAL CHAPEL, INC., Appellant,

v.

Winfield DUNN, etc., et al., Appellees.

Supreme Court of Tennessee.

Aug. 30, 1976.

Joel H. Moseley, Nashville, for appellant.

William J. Haynes, Jr., Asst. Atty. Gen., Nashville, for appellees; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

The plaintiff taxpayer, under protest, paid taxes assessed and collected by the defendants and sues to recover them back. The alleged tax liability arises under the Business Tax Act, T.C.A. § 67–5801 et seq., the pertinent provisions of which are to-wit:

"67–5802. Privileges affected for local taxation.—. . . the making of sales by engaging in any vocation, occupation, business or business activity enumerated, described or referred to in § 67–5805, classification 1, classification 2, and classification 3 is declared to be a privilege upon which each county . . . may levy a privilege tax . . ..

\* \* \* \* \* \*

"67–5804. Definitions.—The following words, terms, and phrases, where used in this chapter, shall have the meanings ascribed to them in this section, except when the context clearly indicates a different meaning:

\* \* \* \* \* \*

"(b) . . . 'Sale' includes the furnishing of any of the things or services taxable under this act.

\* \* \* \* \* \*

"(i) 'Tangible personal property' means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. . . .

\* \* \* \* \* \*

"(1) 'Dominant business activity' means the business activity which is the major and principal source of gross sales at retail and the major and principal source of gross sales at wholesale of the business.

\* \* \* \* \* \*

"(p) The term 'services' means and includes every activity, function, or work engaged in by a person for profit or monetary gain except as otherwise provided in this chapter. The term 'services' shall not include sales of tangible personal property.

"67–5805. Classifications.—Businesses, vocations and occupations which are taxable are set forth in the following classifications: Provided, however, that each person shall be classified according to the dominant business activity.

\* \* \* \* \* \*

"CLASSIFICATION 2.

"Each person engaged in the business of making sales of the following:

\* \* \* \* \* \*

"(f) Tangible personal property not specifically enumerated or described elsewhere in this chapter.

\* \* \* \* \* \*

"CLASSIFICATION 3.

"Each person engaged in the business of making sales of the following:

\* \* \* \* \* \*

"(k) . . . Each person making sales of services or engaging in the business of furnishing or rendering services, except those described below. . . ."

Subsequent sections of the Act, in prescribing which of several rates of taxation shall apply to a particular business, and, in prescribing which of several due dates for payment of the tax shall apply to a business, make such allocations in accordance to the classifications set out in T.C.A. § 67–5805.

The plaintiff taxpayer is engaged in the business of operating memorial gardens and cemeteries and in the course of this business sells burial plots, services, markers, crypts, mausoleums and other items of personalty. More than half of plaintiff's revenue is derived from sales of burial lots, an activity which all parties to this litigation have stipulated is not included within the taxing provisions of the Act. Nevertheless, a very substantial portion of plaintiff's revenue is derived from sales of personal property and services, e. g., for the year ending December 31, 1973, plaintiff's revenue from sales of personalty exceeded $260,000.00.

Defendants assessed taxes under the Act for plaintiff's sales of services and items of personal property, and it is these taxes for the period from May 1, 1973, to April 30, 1974, which are the object of this suit.

Plaintiff contends that only business enterprises whose "dominant business activity" is one defined in the Act are subject to its provisions; and, since its "dominant business activity," the sale of lots of realty, is not one defined by the Act, that it is not subject to the tax even with respect to the sales of services and personal property.

Defendants contend that all business enterprises who engage in the privilege of making sales of personal property or services are subject to the Act and that the rate of the tax to be applied to such sales of personalty or services shall be determined by classifying the taxpayer according to its "dominant business activity" which is taxable. The Chancellor agreed with this construction of the Act and dismissed plaintiff's complaint. We affirm.

■ Our task, of course, is to ascertain the legislative intent. The taxpayer relies upon the rule that in determining whether one is included within or excluded from the ambit of a tax statute doubt should be resolved in favor of the taxpayer and against the taxing authority. *Gallagher v. Butler*, 214 Tenn. 129, 378 S.W.2d 161 (1964); *Young Sales Corp. v. Benson*, 224 Tenn. 88, 450 S.W.2d 574 (1970). But resort is had to such rules of construction only when the import of the statutory language is doubtful and uncertain. In this case we find the language of the statute to be clear and free from doubt; hence, the rule cited has no application.

■ The incidence of this tax is specified in T.C.A. § 67–5802, and its language is most comprehensive, viz., ". . . the making of sales by engaging in any . . business activity enumerated, described or referred to in § 67–5805 . . . is declared to be a privilege upon which each county . . . may levy a privilege tax . . . ." There is no language limiting the incidence of the tax to those entities whose dominant business activity is one of the activities enumerated in § 67–5805, no language excluding entities whose dominant business activity is one not enumerated in § 67–5805. All entities who make sales by engaging in any of the business activities enumerated in § 67–5805 are subject to the tax. The dominant business activity of a taxpayer is relevant only in determining which of the classifications specified in § 67–5805 applies to him, which, in turn, determines the rate of tax applicable to him and the particular due date of the tax.

■ There is no doubt that the taxpayer has made sales by engaging in business activities enumerated in § 67–5805, viz., (1) sales of tangible personal property [§ 67–5805, Classification 2(f)] and (2) sales of services [§ 67–5805, Classification 3(k)]. These activities are clearly taxable, and it is only these activities of the taxpayer which were taxed by the defendants.

Accordingly, we affirm the decree of the Chancellor. Appellant will pay costs incurred upon this appeal.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.